# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CEDRIC DIXON**                                                                                        **PLAINTIFF**

**V.**                                                                                                     **NO. 4:17CV113-SA-RP**

**PELICIA HALL and**
**MISSISSIPPI DEPARTMENT OF CORRECTIONS**                 **DEFENDANTS**

## ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Cedric Dixon, an inmate housed at the Mississippi State Penitentiary ("MSP") at Parchman, has filed a civil rights action pursuant to 42 U.S.C. § 1983 against MSP Commissioner Pelicia Hall and the Mississippi Department of Corrections. Having fully considered Dixon's allegations and the applicable law, the Court finds this complaint should be dismissed as duplicative.

### Background Facts & History

One of Dixon's fellow inmates, Lonnie Drain, initiated a § 1983 action on behalf of Dixon and two other inmates. *See Drain v. Hall*, 4:17CV50-DMB-DAS (N.D. Miss.). After a review of Drain's lawsuit, the Court ordered the Clerk to open individual civil actions for each inmate named in Drain's suit and directed each inmate to amend his complaints in his newly-filed action. *See id.* at Doc. #12. On July 27, 2017, the instant action was opened on behalf of Dixon using Drain's initial complaint.

Dixon has now moved to amend his compliant to individualize his claims. Doc. #6. Specifically, he claims that MSP has violated his constitutional rights by imposing a lockdown because of the actions of other inmates. He claims that he is currently housed in small, two-man cell for long periods of time because of the lockdown status and is denied adequate recreation,

yard time, and adequate time to properly bathe and practice hygiene. He asserts that the cells themselves are unsanitary, that the facilities are in disrepair, and that there are rats and roaches infesting the building.

Dixon also complains that MSP lacks adequate medical and dental care; that there is no access to employment or education; that the diet for inmates is inadequately portioned and balanced; that inmates are routinely denied copies of their grievances or personal identification papers; that he has been inadequately targeted for old Rule Violation Reports; that he has been denied court-ordered alcohol and drug treatment; and that he has been denied assistance with his income taxes.

**Screening Standards**

Dixon's complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA") . *See* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2).

**Discussion**

Now that the Court has had the opportunity to review Dixon's specific grievances, it finds that the instant suit is unnecessary, as it is duplicative of Dixon's complaints in a pending lawsuit he previously filed in this Court: *Dixon v. Hall*, 4:17CV86-DMB-RP. In that action, Dixon complains that he has been improperly charged with rule violations; that he lacks access to alcohol and drug classes; that he is improperly on lockdown in unconstitutional conditions;

that there is an inadequate access to a balanced, adequate diet; that he is denied copies and access to his personal identification records; that he is denied assistance with his taxes; and that he is denied adequate clothing and living conditions. Therefore, it appears to the Court that most, if not all, of Dixon's complaints in this lawsuit have already been asserted in the previously filed action. Accordingly, this action will be dismissed as duplicative. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (holding court may dismiss a lawsuit as "malicious" if the suit "duplicates allegations of another pending federal lawsuit by the same plaintiff"). If Dixon would like to clarify his claims by amending his complaints regarding conditions at MSP, he should do so in Cause No. 4:17CV86-DMB-RP.

## Conclusion

The instant action is duplicative of a previously filed action. Accordingly, this complaint complaint is **DISMISSED WITH PREJUDICE**, and all pending motions are **DISMISSED AS MOOT**.[1] A final judgment consistent with this Order will enter today.

**SO ORDERED** this 26th day of September, 2017.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**

---

1 Because the Court opened the action *sua sponte*, no penalty or additional fee will be imposed against Dixon for filing a "malicious" suit.